

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RODNEY W. HENSLEY,<br>*Defendant.* | CASE NO. 3:06-CR-00017-006<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on objections to a Presentence Investigation Report, which were argued at sentencing on December 13, 2006.

The Court SUSTAINS objection #3, that the improper Guideline provision was used. For the reasons set forth below, the Court finds that the appropriate section is U.S.S.G. § 2D1.1 rather than § 2D1.2. Defendant's sentence will be modified accordingly based on an addendum to the Presentence Investigation Report. Defendant's other objections are DENIED as moot.

## BACKGROUND

Rodney Hensley pled guilty to one count of a large, multi-count indictment involving 20 defendants. Paragraph 1 of Count 1 accused Defendant of violating 21 U.S.C. § 846 by conspiring to distribute more than 50 grams of methamphetamine, in violation of § 841. Paragraph 2 of Count 1 read, "It was part of this conspiracy, and a frequent characteristic of some of these conspirators, being eighteen or more years of age, to distribute methamphetamine to persons under twenty-one years of age, in violation of Title 21, United States Code, Section

859." Paragraph 3 runs for about 8 pages, and consists of bulleted sub-paragraphs describing the actions taken by various conspirators. Defendant is specifically identified as having participated in the distribution of drugs to minors.

The plea agreement is described Count 1 as involving a violation of 21 U.S.C. § 846. It listed the maximum penalties as life in prison and a $4 million fine. Section two then declared "I will enter a plea of guilty to Count One of the indictment. The charges and potential penalties have been set forth above."

The Probation Officer's Presentence Investigation Report concluded that Defendant had pled guilty to violations of 21 U.S.C. §§ 846 and 859. Section 846 is governed by U.S.S.G. § 2D1.1, and § 859 is governed by the somewhat harsher § 2D1.2. Because the latter took into account all of the relevant offense conduct (both drug conspiracy and distribution to minors), the Probation Officer based his report on it. On the eve of sentencing, Defendant filed an undeniably untimely[1] objection to the report, on the grounds that he had not actually pled guilty to violating § 859, and thus that section could not be used in the calculation of his sentence. Defendant cited *United States v. Locklear*, 23 F.3d 641 (4th Cir 1994) as forbidding the use of § 2D1.2 in cases where such violations were alleged but not charged. The United States responded with an unpublished 4th Circuit case, *United States v. Sorto*, 1998 WL 188585, which distinguished *Locklear*. As an unpublished case, *Sorto* carries less weight than *Locklear*, but it is discussed fully below.

---

[1] Such last-minute objections, delivered less than 24 hours before the scheduled sentencing hearing, tax the resources of the Court, the Probation Officer, and opposing attorneys, and therefore are strongly discouraged. However, the Court believes this objection was not frivolous, raised a substantive legal issue, and that the imposition of a proper sentence outweighs the need for efficiency in this case. As the government has been afforded an opportunity to respond, no prejudice has resulted.

The outcome depends critically on what exactly the *Locklear* and *Sorto* indictments say in comparison to Defendant's indictment. The contents of these indictments is not clear from the language of their opinions.

The Court announced a sentence of 97 months in accordance with the Probation Officer's original report, but told the parties that it would take the objections under advisement and permit the parties to make further arguments before making the judgment and sentence final.

## DISCUSSION

This Court has reviewed the decisions in *Locklear* and *Sorto*, and concluded that the proper outcome, based on these cases, turns on the question of what language in an indictment is sufficient to "charge" a defendant with a crime. The resolution of this question depends on a comparison of the indictment returned in Defendant's case to the indictments used to convict these earlier defendants. To that end, the Court obtained and placed in the record copies of documents from the Eastern District of North Carolina and the Eastern District of Virginia, respectively. Both parties were afforded the opportunity to file briefs based on these documents, and both parties declined to do so.

The District Court in *Locklear* had before in an indictment which charged, in its first unnumbered paragraph, conspiracy to violate 21 U.S.C. § 841. Under the heading "Manner and Means to Effect the Objects of the Conspiracy," the indictment alleged various acts explaining how the conspiracy operated. Paragraph 1 alleged that the conspirators hid cocaine in various locations. Paragraph 2 alleged the use of weapons to collect debts. Paragraph 3, the most salient for this case, alleged the use of minors to distribute drugs, and included a reference to 21 U.S.C. § 861.

The Fourth Circuit found this paragraph of the indictment insufficient to support the use

of § 2D1.2, because, although he was found guilty on Count 1, "Locklear was convicted neither of violating, nor of conspiring to violate, section 861." *Locklear*, 23 F.3d at 648 n. 4. In addition, the Fourth Circuit ruled that § 2D1.2 was not intended as a sentencing enhancement for the specific offense characteristic of using minors to distribute drugs, but rather as the base offense level for violations of the stautory prohibitions on the use of minors. *Id* at 648. Finally, the panel found that although § 846 (conspiracy) was included in the offenses to which § 2D1.2 applied, this was intended to punish conspiracies to violate the substantive provisions at §§ 859, 860, and 861, not all conspiracies.

*Sorto* distinguished *Locklear* by stating that "the indictment clearly stated that Appellants conspired to distribute crack cocaine to persons under twenty-one years of age in violation of 21 U.S.C. § 859 (1994), and the jury expressly convicted Appellants of this offense." *Sorto*, 1998 WL 188585 at 2. The indictment in this case, in contrast to that in *Locklear*, is composed a numbered list of "offenses against the United States," including 21 U.S.C. § 859. No factual allegations other than the elements of each crime are made in this section. A separate numbered list of factual allegations comes under the heading of "Ways, Manner, and Means to Accomplish the Conspiracy." At the end of 23 pages of facts, the indictment reads, parenthetically, "In violation of Title 21, United States Code, section 846."

The verdict form in *Sorto*, by which the jury "expressly convicted" the defendants of multiple statutory violations, is as simple as possible. It reads only "We, the jury, on Count 1 find the defendant:" followed by two checkboxes, Guilty and Not Guilty. There is no requirement that the jury parse the Count into its constituent parts.

The indictment in the instant case does not fit neatly into either category. There is no section heading for "means and manner." It contains an initial paragraph which clearly charges a

violation of 21 U.S.C. § 841, and then the second paragraph quoted above. The third paragraph also reads, "it was a part of this conspiracy or agreement..." and goes on to make 9 pages of purely factual allegations. Count 1 terminates by saying "All in violation of Title 21, United States Code, Section 846."

The introductory language to Paragraph 2 of the Hensley indictment, repeated in part in Paragraph 3, most closely resembles language which would be used to introduce the "means and manner" section of the *Locklear* and *Sorto* indictments, and which did in fact introduce the "means and manner" Paragraph 3 immediately below. Thus, the violation of § 859 alleged there is most closely analogous to the violation alleged in the *Locklear* indictment, and cannot form the basis for the use of § 2D1.2 at sentencing. Under *Locklear*, Defendant was never charged with a violation of § 859, and thus could not, under any set of facts, be convicted of it.

This Court does not in any way base this decision on the language of the plea agreement. First, the verdict form in *Sorto* shows that a conviction does not require an explicit finding that a statute has been violated; "Guilty on Count 1" suffices. A similar rule may very well obtain for pleas. Second, it is not necessary to decide whether the recital of particular statutes in the plea agreement binds the government at sentencing, because this Court has already found that Defendant was only charged with violations of §§ 841 and 846.

## CONCLUSION

Defendant Hensley was never charged with, and thus could not be convicted of, violating 21 U.S.C. § 859. The proper Sentencing Guideline provision for his case was thus § 2D1.1 and the Court's provisional sentence under § 2D1.2 was in error. Defendant's objection to that effect is SUSTAINED. Based on the correct guideline provision and the "safety valve" provision found therein, the Court finds that the offense level is 27, the proper criminal history category is

I, and therefore the guideline range is 70-87 months. The Court will set this matter for hearing in order to consider any additional arguments before the final imposition of sentence.

The Clerk of the Court is directed to send a certified copy of this Opinion to the Defendant and all counsel of record.

ENTERED: *Norma L. Moon*
U.S. District Judge

December 29, 2006
Date